# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 4:14CR119 RWS/DDN |
| HILTON LIVINGS, JR., | ) ) ) | |
| Defendant. | ) | |

## MOTION TO QUASH

COMES NOW M. Jane Schweitzer, Clerk of Court for the Twenty-Second Judicial Circuit, State of Missouri (the "Clerk of Court"), and for her Motion to Quash the Subpoena(s) served on her in this case. In support thereof, the Clerk of Court states as follows:

1. On October 20, 2014, the Clerk of Court was served with a subpoena to testify in this matter on October 28, 2014, at 9:00 a.m. before this Court. A copy is attached hereto as Exhibit A.

2. Said subpoena directed her to bring the following documents:

Any and all Circuit Court of St., Louis, MO sealed and unsealed Search Warrant orders, sealed and unsealed Search Warrants, sealed and unsealed affidavits in support of search warrant, sealed and unsealed Search Warrant return and inventory from January 1, 2013 to and through October 17, 2014 with St. Louis Metropolitan Police Detective Brett Carlson's, DSN 7966, signature and/or typed name affixed thereto.

See Exhibit A.[1]

3. Prior to the hearing on October 28, 2014, the Clerk of Court produced all unsealed documents responsive to said subpoena and explained to defense counsel that "[i]f a search

---

[1] The Clerk of Court was also served with similar subpoenas for different time periods prior to being served on October 20, 2014, but since this was the last subpoena served and the most exhaustive, the Clerk of Court believes it is the subpoena at issue.

warrant is ordered sealed, we have no way of determining who the officer requesting the search warrant is unless the officer signed the log book, which is not required." (Doc. 44-4). Thus, no documents sealed pursuant to court order were produced to defense counsel.

4. On October 28, 2014, the Court held a hearing and one of the issues raised was why the Clerk of Court had not produced the sealed documents to Defendant. (Doc. 43, p. 3).

5. At the hearing, counsel for the Clerk of Court explained that the Clerk of Court conducted an electronic search for all search warrants filed under seal for the referenced time period which disclosed three hundred and twenty-one (321) such search warrants. (Doc. 43, p. 4-5).

6. Counsel pointed out that of those 321 search warrants, the Clerk of Court was unable to determine which warrants have Detective Brett Carlson's signature and/or typed name affixed without opening all 321 sealed envelopes. (Doc. 43, p. 5).

7. In addition, counsel argued that she would be unable to turn over such sealed warrants without an order issued by the Court which ordered such search warrants sealed. (Doc. 43, p. 5).

8. Indeed, counsel for the Clerk of Court argued that any order unsealing those documents would have to come from a judge in the Twenty-Second Judicial Circuit for the State of Missouri (the "Missouri Circuit Court") as a matter of comity and that the Court lacked jurisdiction to modify a state court order. (Doc. 43, p. 5, 161-63).

9. After hearing argument from defense counsel, the Court stated that it was "not going to at this time order the City to disclose those files. I'll take that matter under submission, but I will require that both the Public Defender's Office provide a memorandum on that issue to

be responded to in documentary form by the City on the subpoena in the subpoena matter." (Doc. 43, p. 163.).

10. On November 20, 2014, Defendant filed a Motion to Compel (Doc. 44), seeking an Order compelling the Clerk of Court to comply with his subpoena requests and provide all affidavits for search warrants signed by Detective Brett Carlson, sealed and unsealed filed with the Clerk's office between January 1, 2013 through October 17, 2014.

11. Thereafter, on November 21, 2014, the Court issued an Order Setting Hearing on Subpeona Matters whereby the Court set a hearing for December 4, 2014, at 2 p.m. "on the motions of defendant Hilton Livings, Jr., (a) to set a subpoena return date (Doc. 42), and (b) to compel the City of St. Louis Judicial Circuit to comply with the subpoena requests issued to it by this court." (Doc. 45).[2]

12. The Court should quash the subpoena served on the Clerk of Court on October 20, 2014, with regard to Defendant's request for any documents sealed by the Missouri Circuit Court for a number of reasons.

13. First, Defendant has not established the minimal requirements for relevance, admissibility, and specificity set forth in *United States v. Nixon*, 418 U.S. 683 (1974).

14. The Supreme Court explained in *Nixon* that subpoena duces tecum in criminal cases are not intended to provide a means of discovery for criminal cases. *Id.* at 699 (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)).

15. Indeed, a party moving for a subpoena duces tecum must meet four requirements:

> (1) that the documents are evidentiary[] and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and

---

[2] As counsel for the Clerk of Court had not yet entered their appearance, they did not receive copies of Defendant's Motion to Compel (Doc. 44) or the Court's Order setting the motion for hearing (Doc. 45) until late in the afternoon of November 24, 2014, when Plaintiff's counsel sent counsel for the Clerk of Court those documents via email.

3

inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Nixon*, 418 U.S. at 699-700.  The Court described this burden as clearing three hurdles: (1) relevancy; (2) admissibility; and (3) specificity.  *Id.* at 700.

16. The "specificity and relevance requirements require more than the title of the document and conjecture as to its contents." *United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000) (quoting *United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992)).

17. With regard to relevancy, Defendant argues that "[t]he fact multiple affidavits show exceptionally similar observations calls the Detective's credibility into question" and that "[r]eview of the remainder of Detective Carlson's affidavits is relevant to determining whether the similarities between Gov. Ex. 1 and Def. Ex. S are part of a larger pattern." (Doc. 44, p. 5-6).

18. The need for evidence to impeach Detective Carlson, however, is insufficient to require its production prior to trial.  See *Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial.").

19. In addition, search warrant affidavits from Detective Carlson regarding other cases are clearly not relevant to the case at hand.

20. Nor would these affidavits be admissible as they likely contain numerous out-of-court statements by declarants, i.e., confidential informants and others, who will not be subject to cross-examination and are therefore inadmissible hearsay, as well as numerous other admissibility issues that would need to be addressed on a document by document basis.

21. As to specificity, Defendant has also failed.  Defendant has requested "[a]ny and all" "sealed and unsealed affidavits" "from January 1, 2013 to and through October 17, 2014

with St. Louis Metropolitan Police Detective Brett Carlson's, DSN 7966, signature and/or typed name affixed thereto." See Exhibit A.

22. This is clearly nothing more than a fishing expedition for Defendant in hopes that he will find some affidavit that is similar to the search warrant affidavit at issue in this case.

23. In addition, Defendant has not shown that through the exercise of due diligence that he could not try and obtain these documents himself. Through discovery Defendant could request the names off all the cases where Detective Carlson has filed search warrant affidavits and upon learning that information Defendant could properly ask the Missouri Circuit Court to unseal these search warrant files. Yet, Defendant refuses to do that. See *Nixon*, 418 U.S. at 699-700.

24. Second, pursuant to Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)"), compliance would be unreasonable or oppressive. See FED. R. CRIM. P. 17(c)(2).

25. The Clerk of Court has already produced all documents requested with regard to Detective Brett Carlson that are not under seal. This resulted in Defendant receiving, among other things, four affidavits in support of search warrants for matters completely unrelated to Defendant's case that were prepared by Detective Carlson on February 7, 2014, March 12, 2014, April 29, 2014, and June 23, 2014. In addition, Defendant has received the affidavit in support of search warrant dated January 9, 2014, which is the affidavit at issue in this case.

26. As counsel for the Clerk of Court pointed out during the hearing on October 28, 2014, the Clerk of Court found 321 sealed search warrant files for the time period requested in the subpoena and to determine if any of those files have Detective Brett Carlson's signature and/or typed name affixed, it would have to go through the time-consuming process of opening all 321 sealed envelopes. (Doc. 43, p. 5).

27. This is clearly not reasonable and more importantly it is oppressive to ask the Clerk of Court to do that given that the orders and judgments sealing the search warrant files state that the "State's Request to Seal Search Warrant File in the instant matter is hereby GRANTED and shall remain in effect until further Order of this Court." See Exhibit B.

28. Requiring the Clerk of Court to violate a State court order is oppressive and as a matter of comity, such order must be obtained from the state court, not the federal court. See *Younger v. Harris,* 401 U.S. 37, 44 (1971).

29. Accordingly, because Defendant has failed to meet his burden of proving relevancy, admissibility, and specificity, *Nixon,* 418 U.S. at 700, and because requiring the Clerk of Court to produce documents sealed by the Missouri Circuit Court would be unreasonable and oppressive, see FED. R. CRIM. P. 17(c)(2), the Clerk of Court asks that its Motion to Quash be granted.

WHEREFORE, the Clerk of Court prays that the Court enter an Order granting her Motion to Quash and quashing the Subpoena(s) served on her insofar as sealed documents which have not been ordered unsealed are sought and for any other relief the Court deems just and proper.

Respectfully submitted,
Winston E. Calvert,
CITY COUNSELOR

/s/ Matthew S. Dionne, #61390 MO
Assistant City Counselor
1200 Market Street
City Hall, Room 314
St. Louis, Missouri 63103
Phone: 314-622-4594
Fax: 314-622-4956
DionneM@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

 I hereby certify that this Motion to Quash was electronically filed on December 3, 2014, with the Court for service by means of Notice of Electronic Filing upon the following: Christian Stevens, OFFICE OF U.S. ATTORNEY, and Diane Dragan, FEDERAL PUBLIC DEFENDER.

               <u>/s/ Matthew S. Dionne</u>