RECEIVED
FEB - 2 2015
U.S. District Court
Eastern District of MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>HILTON LIVINGS,  )<br>  )<br>Defendant.  ) | Cause No. 4:14CR00119 RWS-DDN |

**MEMORANDUM IN SUPPORT OF**
**MOTION OF CITY OF ST. LOUIS METROPOLITAN POLICE DEPARTMENT**
**TO QUASH SUBPOENA DUCES TECUM OR, IN THE ALTERNATIVE, FOR**
**PROTECTIVE ORDER AS TO SUBPOENA DUCES TECUM**

Movant, City of St. Louis Metropolitan Police Department (hereinafter, "Department"), has filed this Motion to Quash a subpoena *duces tecum* issued on behalf of Defendant Hilton Livings, compelling the Custodian of Records from the Department to produce records. Movant submits the subpoena is unreasonable and/or oppressive, and therefore, should not be enforced. In the alternative, and only in the event the Court authorizes the enforcement of any portion of the subpoena *duces tecum*, Movant seeks a Protective Order conditioning enforcement of the subpoena on 1. Defendant's payment for the costs of employee staff time necessary to search for and furnish said information; and 2. An *in camera* inspection of the records found within the description of the subpoena so that only records relevant and material to the prosecution of Hilton Livings for the alleged crimes at issue need be furnished.

As will be explained further, the items sought do not exist as stored records within the control of the "traditional" Custodian of Records for police reports, but exist only as part of a data stream that can only be furnished by a "custom" search for electronic records. As will be supported by the case law cited below, the subpoena should be quashed, in whole or in part.

Defendant is seeking to have Movant disclose records for use in his criminal defense, even though there has been no showing that the subpoena seeks materials relevant, admissible, or specific enough to serve Livings' defense, per Brady v. Maryland, 373 U.S. 83 (1963). Rather, Defendant is merely seeking these records in the hope of finding some impeachment material, which is not the function of a subpoena under the Federal Rules of Criminal Procedure.

**Background**

On information and belief, Defendant is charged with possession with intent to distribute a quantity of cocaine base; felon in possession of a firearm; possession with intent to distribute marijuana; and maintaining a drug involved premises. On information and belief, Defendant was arrested on January 10, 2014 following a search and seizure of premises pursuant to a search warrant served to Defendant and occurring at 4716 Louisiana in the City of St. Louis. Two of the police officers involved in the investigation and arrest were Department detectives Brett Carlson and Craig Sayer.

Defendant's subpoena *duces tecum* describes items sought which do not exist as stored records within the control of the "traditional" Custodian of Records for police reports. Rather, any such records, if they even exist, which has not been determined as of the time of interposition of this Motion, exist only electronically. Moreover, if such records existed, they would be part of a data stream that can only be furnished by a "custom" search for electronic records. Specifically, this would require a search of the Police Department electronic records management system, known as ILEADS.

The subpoena describes six (6) separate categories of electronic documents to be searched for, and these in turn, have even more "searches within a search" that would have to be done.

Two searches pertain to ILEADS inquiries by two police officers involved in Livings' arrest, and encompass a ten (10)-day time period:

Item A:
1. List/log of all I/Leads records management system inquiries/searches made by St. Louis Metropolitan Police Detective Brett Carlson, DSN 7966 and/or made with Detective Carlson's designated I/Leads records management system user account credentials from January 1st 2014 to January 10th, 2014 - Including but not limited to the search terms, keywords, addresses, and names entered into the I/Leads records management system.
2. A copy/printout of all results of inquiries/searches as indicated on #1 of this subpoena.

Item B:
1. List/log of all I/Leads records management system inquiries/searches made by St. Louis Metropolitan Police Detective Craig Sayer, DSN 8021 and/or made with Detective Sayers's designated I/Leads records management system user account credentials from January 1st 2014 to January 10th, 2014 - Including but not limited to the search terms, keywords, addresses, names and social security numbers entered into the I/Leads records management system.
2. A copy/printout of all results of inquiries/searches as indicated on #1 of this subpoena.

Another item would require multiple searches in ILEADS based on street address, street block, name of suspect and social security numbers:

Item C:
1. List/log of all I/Leads records management system inquiries/searches made by any St. Louis Metropolitan Police Officer for 4716 Louisiana Ave., 4700 Block of Louisiana Ave, Hilton Livings, "Hill", and the social security number XXX-XX-7682 from January 1st 2014 to January 10th, 2014.
2. A copy/printout of all results of inquiries/searches as indicated on #1 of this subpoena.

Two more items seek the same ILEADS search for the same two officers above-identified, but for a time period *after* Defendant's arrest:

Item D:
1. List/log of all I/Leads records management system inquiries/searches made by St. Louis Metropolitan Police Detective Brett Carlson, DSN 7966 and/or made with Detective Carlson's designated I/Leads records management system user account credentials from January 30th 2014 to February 7th, 2014 - Including but not limited to the search terms, keywords, addresses, names and social security numbers entered into I/Leads records management system.
2. A copy/printout of all results of inquiries/searches as indicated on #1 of this subpoena.

Item E:
1. List/log of all I/Leads records management system inquiries/searches made by St. Louis Metropolitan Police Detective Craig Sayer, DSN 8021 and/or made with Detective Sayers's

3

designated I/Leads records management system user account credentials from January 30th, 2014 to February 7th, 2014 - Including but not limited to the search terms, keywords, addresses, names and social security numbers entered into the I/Leads records management system.
2. A copy/printout of all results of inquiries/searches as indicated on #1 of this subpoena.

Finally, a sixth category designated would search a separate street address, and a separate person who is not even this Defendant:

Item F:
1. List/log of all I/Leads records management system inquiries/searches made by any St. Louis Metropolitan Police Officer for 3653 Gasconade St., 3600 Block of Gasconade St., Amando Story, "Tukee", and the social security number XXX-XXX[1]-3527 from January 30th, 2014 to February 7th, 2014.
2. A copy/printout of all results of inquiries/searches as indicated on #1 of this subpoena.

## Argument

### A.    Criminal Subpoenas Generally

Rule 17(c) of the Federal Rules of Criminal Procedure provides in pertinent part that a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). A subpoena for documents may be quashed if their production would be "unreasonable or oppressive." Rule 17(c)(2). The scope of Rule 17(c) is more narrow than the corresponding rules of civil procedure, which permit broad discovery. United States v. Reyes, 239 F.R.D. 591, 597 (N.D. Cal. 2006). Rule 17(c) was not intended to serve as a discovery device for criminal cases. United States v. Nixon, 418 U.S. 683, 698 (1974). Instead, Rule 17(c) seeks to expedite a trial by providing a time and place before trial for the inspection of subpoenaed materials. Id. at 698-99. In complex criminal cases, the Supreme Court has noted the utility of using Rule 17(c). See id. at 699 n.11. To gain access to the desired documents, the moving party must show that

---

[1] The social security number specified in this description contained ten (10) digits.

4

the subpoenaed documents are: (1) relevant; (2) admissible; and (3) requested with adequate specificity. Id. at 700; United States v. Hardy, 224 F.3d 752, 755 (8th Cir. 2000).

**B.     Application of Principles to Subpoena at Issue**

To date, Defendant has not made the requisite showings of relevancy, admissibility and specificity to obtain the materials described in the subpoena. Assuming the prosecution has provided Brady materials to defense counsel, if the materials specified in the subject subpoena have not been produced, then their relevancy to this proceeding may at least be questioned, and defendant should have to satisfy the requirements of Hardy before these documents may be provided.

Turning to the items specified in the subpoena, it appears that most, if not all, of those items would be intended for impeachment purposes. As a general rule, "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial under Rule 17(c)." Hardy, 224 F.3d at 756, quoting Nixon, 418 U.S. at 701. The term "impeachment" also refers to the bias or interest of a witness, the witness's ability to observe an event in issue, or a witness's prior statement that is inconsistent with his or her current testimony. Berry v. Oswalt, 143 F.3d 1127, 1132 (8th Cir. 1998). Under Nixon, the use of a Rule 17(c) subpoena for this purpose is improper.

Defendant's subpoena *duces tecum*, in the case of the two police officers whose ILEADS activity is requested to be searched, takes in all ILEADS activity for these two officers for lengthy time periods, in each request, more than a week's worth of time. Presumably, during such a lengthy period of time, this particular investigation was not the only police matter these two officers were working on. Thus, to seek to enforce a subpoena that takes in such a lengthy period of time with no attempt to narrow its parameters, but simply to seek *all* computer activity

by these two officers over ten (10) and eight (8) day periods, respectively, bears the earmarks of a "fishing expedition" which was criticized in <u>United States v. Hang</u>, 75 F.3d 1275, 1283 (8th Cir. 1996), and ultimately found to be subject to quashing.

Moreover, the possibility, in all likelihood, the probability, that this "fishing expedition" may in its trawling scoop up other data and information unrelated to this prosecution should constitute grounds for its being unreasonable or oppressive. Department officers customarily handle multiple investigations simultaneously, and it is rare that any officer would work wholly and completely on only one investigation over a time period of more than one week. This likely means that any subpoena for documents will turn up records related to other investigations. Some of these investigations may still be ongoing, and to have to produce such records of any ongoing investigation to persons outside law enforcement jeopardizes those investigations.

For these reasons, the subpoena *duces tecum* should be quashed in its entirety.

## C.   **Alternative Motion for Protective Order**

Although Movant submits that the "unreasonable or oppressive" nature of the subpoena *duces tecum* is grounds for quashing it in its entirety, Movant could not state with certainty that there is nothing within the description of the requests in the subpoena that might have some relevancy to the issues in the underlying prosecution. Although the <u>Hardy</u> case would be indicative that it is the Defendant's burden to make the case for relevancy, admissibility and specificity, and that Defendant has so far not met that burden, nevertheless, Movant realizes that Defendant may have information to which it is not privy, which may be more than a "'mere hope' that it will turn up favorable evidence." <u>See</u> <u>United States v. Stevenson</u>, 726 F.3d 826, 832 (8th Cir. 2013).

6

Movant believes the subpoena is also "unreasonable or oppressive" for the burden it places on the Department and its employees to conduct this search. The search, or rather, searches, entailed by this subpoena cannot be done by Department employees except for a handful of Information Technology professionals who have many assignments they are otherwise working on. Preliminary information received from the Department's Information Technology division suggests that, depending on how much information is contained in the respective searches, it may take the better part of a day for one IT professional to conduct all the searches and yield all the results from those searches.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides:

> At any time, the court may, for good cause, deny, restrict or defer discovery or inspection or grant other appropriate relief.

Movant suggests to the Court that for any portion of the subpoena *duces tecum* that the Motion to Quash is not granted, that the Court enter a protective order that conditions enforcement of the subpoena on two (2) requirements:

1. That Defendant first pay Movant for the costs of employee staff time entailed in searching for and furnishing such records as the Court may determine are properly discoverable;

2. That the Court conduct an *in camera* inspection of all records within the parameters of the subpoena *duces tecum*, and order the production of only those records relevant to police activity concerning the criminal investigation of this Defendant culminating in his arrest on or about January 10, 2014.

**Conclusion**

Based on the foregoing, Movant City of St. Louis Metropolitan Police Department respectfully requests that its Motion to Quash or, in the Alternative, for Protective Order with respect to the subpoena *duces tecum* be granted.

OFFICE OF THE CITY COUNSELOR
POLICE SECTION


/s/ *Mark Lawson*
Mark Lawson  #33337MO
Associate City Counselor
Attorney for Movant
1915 Olive St., Room 773
St. Louis, MO 63103
Phone: (314) 444-5609

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of the Court on February 2, 2015, to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ *Mark Lawson*

8