IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:14 CR 119 RWS (DDN) |
| | ) |
| HILTON LIVINGS | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR RECONSIDERATION OF BOND TO**
**UNITED STATES MAGISTRATE JUDGE**

Comes now Hilton Livings, Defendant, by and through his attorney Diane L. Dragan, Assistant Federal Public Defender, and requests this Court reconsider the issue of detention. In support thereof, Defendant states to the Court the following:

1. On July 14, 2014, Defendant appeared for a detention hearing and requested bond. On July 21, 2014, Magistrate Judge Noelle Collins issued an order of detention pending trial.

2. The Court found Livings posed a serious risk of nonappearance and a risk of danger to the community based primarily upon Mr. Livings criminal history. The Court also indicated his criminal record may lead to a greater sentence under the guidelines framework if convicted in this case giving Mr. Livings an incentive to flee.

3. Mr. Livings has been in continuous federal custody since his arrest. Mr. Livings has been vigorously fighting his case through a serious of suppression motions. His objections remain pending with the District Court. Mr. Livings has yet to even have a trial date set in this matter as the suppression issues have to be resolved before he can move forward.

4. During the course of the case, the parties had a pre-plea presentencing investigation report done to determine if Mr. Livings would face enhanced penalties as either a career offender

or an Armed Career Criminal should he be convicted of the charges. The presentence report concluded he would not face enhanced guideline or statutory penalties if convicted. Additionally, Mr. Livings has expired his state parole sentence in an unrelated case. Hence, the Court's fear that Mr. Livings may be a risk of flight due to the possibility of an enhanced sentence is no longer applicable. Additionally, the strength of the government's case has been called into question in the suppression motions and testimony. Mr. Livings has no other pending charges or holds except a traffic warrant which he will address if the Court reconsiders his bond.

     5. Mr. Livings would reside with his long time partner, Brandy Cooper and her children at her new residence in Cahokia, IL if released on bond. He would abide by any and all conditions the court sets for his release. He would seek gainful employment or schooling as allowed by probation and submit to any drug testing or counsel required of him.

     6. Mr. Livings has already been incarcerated for a year while fighting his case and the end is not yet in sight. Suppression of the evidence will require dismissal of his case. Livings has every incentive to remain compliant with conditions of supervision while he litigates his case. His release will also allow him to more fully assist in his own defense.

     7. Counsel will provide the address and contact telephone numbers for Mr. Livings home plan to the Court and the United States Pretrial Office.

     8. Livings requests this Court set this motion for a hearing.

WHEREFORE, Defendant prays this Court grant his motion for a bond.

Respectfully submitted,

/s/Diane L. Dragan
DIANE L. DRAGAN
Assistant Federal Public Defender
1010 Market Street, Suite 200

St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Diane_Dragan@fd.org
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Cris Stevens, Assistant United States Attorney.

/s/ Diane L. Dragan
DIANE L. DRAGAN
Assistant Federal Public Defender