**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:14CR119 RWS (DDN)** |
| | ) | |
| **HILTON LIVINGS JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
RECONSIDERATION OF BOND TO UNITED STATES MAGISTRATE JUDGE**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Cristian M. Stevens, Assistant United States Attorney for said District, and for its response to defendant's motion for reconsideration of bond, states as follows:

**I.   PROCEDURAL HISTORY**

On April 23, 2014, the federal grand jury issued a four-count indictment charging defendant Hilton Livings Jr. (defendant) with possessing with intent to distribute cocaine base (crack), being a felon in possession of ammunition,[1] possessing with intent to distribute marijuana, and maintaining a drug house.   The charges implicated the rebuttable presumption of detention found in 18 U.S.C. § 3142(e)(3), and the Government moved for pretrial detention.

Defendant failed to rebut the presumption, and this Court ordered defendant detained pending trial.   In its Order of July 21, 2014 (Doc. #16), the Court noted defendant's "significant

---

[1]   The loaded handgun possessed by defendant, though fully operable, was determined to be an "antique" pursuant to 18 U.S.C. § 921(a)(3).   Therefore, defendant was charged with the live ammunition found in the handgun.

1

criminal history."   Defendant's criminal history includes a conviction for felony non-support, for which defendant was revoked from probation and sentenced to four years in prison.   As late as 2009, defendant was convicted of voluntary manslaughter, two counts of armed criminal action, and robbery first degree.   He was sentenced to seven years in prison, but subsequently was paroled.   Shortly thereafter, he was returned to prison for parole violations.   As noted by the Court, defendant was convicted for various other traffic violations, possession of controlled substances, and failure to appear.   Order of July 21, 2014 (Doc. #16).

This Court ordered defendant detained, reasoning that defendant's "conduct in the past demonstrates that he is either unable or unwilling to conform his conduct to the requirements of law even while under state supervision."   Id.   The Court further noted that defendant's "lengthy criminal record may lead to a greater sentence under the guidelines framework if he is convicted in this case."   Id.

Since that time, defendant has filed a litany of motions resulting in four separate hearings before U.S. Magistrate Judge David D. Noce.   Ultimately, Judge Noce recommended denial of all the motions in his Order and Recommendation of April 7, 2015 (Doc. #84).   Defendant objected to the Order and Recommendation, and the objections remain pending before U.S. District Judge Rodney W. Sippel.   In any event, Judge Sippel has set a trial date of August 17, 2015.   (Doc. #104).   Defendant is expected to move for a continuance of the trial date to September 28, 2015.

Now, defendant would have this Court reverse its detention order and release him into the community.   The Government opposes defendant's motion.

## II.   ARGUMENT

At the outset, defendant concedes that this Court "found Livings posed a serious risk of nonappearance and a risk of danger to the community based primarily upon Mr. Livings criminal

2

history."   Motion ¶ 2 (emphasis added).   Defendant's significant, violent criminal history, and incapacity for supervision, has not ameliorated itself during the pendency of this case.   That alone is a sufficient basis for this Court to deny defendant's motion.

Next, defendant acknowledges that the case has been pending for more than one year because he "has been vigorously fighting his case through a series of suppression motions." Motion ¶ 3.      Thus, defendant has vastly prolonged the pretrial stage of this case of his own accord.   Although that is his right, it is no basis for reconsideration of defendant's pretrial detention.   Notwithstanding defendant's representation that "[s]uppression of the evidence will require dismissal of the case," Motion ¶ 6, Judge Noce has recommended that all of defendant's motions be denied.

Defendant argues that, as of the time the instant motion was filed, "Mr. Livings has yet to even have a trial date set."   Motion ¶ 3.   He laments that he "has already been incarcerated for a year while fighting his case and the end is not yet in sight."   Motion ¶ 6.   Again, the lengthy pretrial litigation in this case is due entirely to defendant's filing and litigating various motions. Furthermore, shortly after defendant filed his motion, Judge Sippel set a trial date of August 17, 2015, rendering the end fully within sight.

Defendant also contends that "the Court's fear that Mr. Livings may be a risk of flight due to the possibility of an enhanced sentence is no longer applicable," because the preliminary presentence report (PSR) indicates that defendant is not a career offender under Sentencing Guidelines § 4B1.1.   Motion ¶ 4.   To say the least, the issue is not as settled as defendant suggests.

The PSR (Doc. #95) confirms that defendant recently was convicted of, among other things, voluntary manslaughter, two counts of armed criminal action, robbery second degree, and

possession with intent to distribute marijuana. PSR ¶¶ 51, 52 (Doc. #95).   Defendant remained on

parole supervision for those convictions at the time of the instant offenses.   Id.   What is more,

those prior convictions clearly are "crimes of violence" and/or "controlled substance offenses" for

purposes of the career offender guideline.   U.S.S.G. § 4A1.2, 4B1.1(a)(3).   Thus, defendant

would qualify as a career offender, but for the Eighth Circuit's flawed decision in King v. United

States 595 F.3d 844 (8th Cir. 2010), interpreting the career offender guideline.

The Eighth Circuit itself has roundly criticized King and flatly stated "it should now be

overruled."   Donnell v. United States, 765 F.3d 817, 819-20 (8th Cir. 2014).   Furthermore, the

U.S. Sentencing Commission has approved a "King fix" which would amend Sentencing

Guidelines § 4A1.2 as of November 1, 2015.   Based on these developments, the undersigned has

assured defense counsel that the Government intends to argue at sentencing that defendant is a

career offender, and to appeal any determination that defendant is not a career offender.

At any rate, the PSR concludes that defendant's guidelines range, even if defendant is not

deemed a career offender, is 77 to 96 months.   PSR ¶ 60. (Doc. 95).   By anyone's estimation that

is a substantial sentence and an incentive to flee.[2]

Finally, defendant represents he would reside with Brandy Cooper and her children if the

Court releases him from detention.   The evidence, including the defense investigator's

investigation, has revealed that Brandy Cooper, and presumably her children, lived with defendant

at 4716 Louisiana, the drug house at which defendant kept his firearm and drugs in the instant case.

See Hr'g Trans. 42-44 (Feb. 9, 2015) (Doc. #86).   There is no reason to subject them to the same

risks at a new residence.

---

[2]   It bears noting that the Government's investigation has revealed that defendant consistently sold cocaine base (crack) for at least one year, which likely will be relevant conduct at sentencing, further increasing defendant's sentence.

4

Defendant has yet to rebut the presumption of detention and has offered no compelling reason for the Court to reverse its order detaining defendant pending trial.

### III.   CONCLUSION

For the foregoing reasons, this Court should deny defendant's motion for reconsideration of bond.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*s/ Cristian M. Stevens*
CRISTIAN M. STEVENS #48028MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 30th day of July, 2015, to Diane Dragan, Assistant Federal Public Defender, 1010 Market Street, Suite 200, St. Louis, MO 63101.

*s/ Cristian M. Stevens*
ASSISTANT UNITED STATES ATTORNEY